# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID ELIJAH BOWERS, JR.,

    Plaintiff,

v.                                           Case No. 16-CV-1141

TIM LUNDQUIST, BRIAN BANTLEON,
ASHLEY SPIEGELBERG, ROBIN MEIKLEJOHN,
and DEE KAPITZKE,

    Defendants.

## ORDER

The pro se plaintiff was a prisoner when he filed the complaint on August 25, 2016. On September 19, 2016, he notified the court he has been transferred to a half-way house in Milwaukee, Wisconsin. Plaintiff has filed a complaint under 42 U.S.C. § 1983 along with a motion for leave to proceed *in forma pauperis*. Because plaintiff was a prisoner when he filed the complaint, the Prison Litigation Reform Act applies to this case. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 668 n.1 (7th Cir. 2012) (citing *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004)).

Under the Prison Litigation Reform Act, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), the court must consider prisoner actions dismissed on any of the three enumerated grounds both before and after enactment of the PLRA. *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff has accumulated three "strikes": (1) *Bowers v. McGinnis*, Case No. 08-cv-888-WCG (E.D. Wis.), dismissed for failure to state a claim on October 27, 2008; (2) *Bowers v. Husz*, Seventh Circuit Case No. 09-1711, dismissed as frivolous on June 16, 2009; and (3) *Bowers v. Thurmer*, Case No. 10-cv-63-JPS, dismissed as frivolous on October 6, 2010. Although plaintiff has three strikes, he states in his complaint in this case that he is "in imminent danger." Thus, the court must determine whether the plaintiff meets § 1915(g)'s imminent danger exception.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) and *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed *in forma pauperis* under § 1915(g) when a prisoner alleges only a past injury that has not recurred. *See Ciarpaglini*, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed *in forma pauperis* when a prisoner's claims of imminent danger are "conclusory or ridiculous." *Id.* (citing *Heimermann v. Litscher*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather

2

twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). Section 1915(g) is not used to determine the merits of a claim, however, because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." *Ciarpaglini*, 352 F.3d at 331. Still, a court may look beyond the allegations of the complaint to determine whether the plaintiff is in imminent danger. *Taylor v. Watkins*, 623 F.3d 483, 485–86 (7th Cir 2010).

Plaintiff was incarcerated at the Wisconsin Secure Program Facility when he filed the complaint. He alleges that defendants retaliated against him after he filed federal court documents by placing him in the "hole." (Compl. at 3.) Plaintiff also alleges that correctional officers at the prison, including defendant Robin Meiklejohn, are recruiting prisoners "to inflict pain on his person and make threats to kill him due to his free exercise with the federal court[.]" (*Id.*) Plaintiff seeks a "TRO injunction relief order on defendants" and $1.5 million in compensatory damages. (*Id.* at 4.)

Because the plaintiff has been released from the Wisconsin Secure Program Facility, he is no longer subject to the imminent danger that he may have been in while he was in custody there. Plaintiff's release from that facility also moots his claim for injunctive relief. *See Ciarpaglini*, 352 F.3d at 330; *see also Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008).

Because the court finds that plaintiff has incurred three strikes, and has not demonstrated that he is in imminent danger of serious physical injury, plaintiff must pay

3

the $400 filing fee if he wants to proceed. If plaintiff does not pay the filing fee by October 31, 2016, I will dismiss this case.

**NOW, THEREFORE, IT IS HEREBY ORDERED** plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order to produce six-month trust account statement (Docket 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff shall pay the $400 filing fee to the Clerk of Court by the end of the day on October 31, 2016, or the court will dismiss this case.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge